KAHOOKIEKIE *vs.* KEANINI.

APPEAL FROM WATER COMMISSIONER.

HEARING, SEPTEMBER 1, 1891.    DECISION, SEPTEMBER 28, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.    McCULLY, J., ABSENT.

A flume, diverting water from certain springs on to land not entitled to water, was put up by defendant. The springs were in defendant's land, and after supplying defendant's kalo patches therein, the water was accustomed to flow down into a natural water course, whence plaintiff had acquired an easement to use the water for his kalo patches below. It was claimed by defendant that he had other land below, which was entitled equally with the plaintiff to water from the overflow of the springs, and that he only diverted by this flume the water which he was entitled to use below.

Held, the flume should be removed. It was an unwarranted interference with the plaintiff's method of enjoyment of his easement in the water from the springs, and injurious to him and others.

OPINION OF THE COURT, BY JUDD, C.J.

Certain springs called "Kaaikahi," in Pauoa valley, originate in land of defendant. The water comes up in various parts of several kalo patches, which are surrounded with banks, as is usual. These kalo patches are on several terraces and the water, after supplying them, percolates through the banks in places and

also runs through them in several small openings into a natural water course which runs along the bottom of Pauoa valley, There are other springs in the bed of this water course, and the accumulated body of water flows along and is taken out through small auwais to the various kalo patches through the valley which have acquired a right by prescription to use the water. The plaintiff's kalo patches are among these.

Other large tracts of kalo land are supplied with water from an auwai which starts at some distance above the Kaaikahi springs. The people whose lands have acquired rights to be supplied with water from the Kaaikahi springs have submitted to a division of their use of the water by duration of time, said to have been made many years ago by the Minister of Interior, the validity of which is not questioned in this case.

The rainfall in the present year has been exceptionally scanty, and, as a consequence, springs are lowered, streams have become reduced to almost nothing, and kalo growing has suffered. We saw many kalo patches in this valley where the crop was perishing.

Recently there has been put up by defendant, or by his Chinse lessee by defendant's orders, it is immaterial which, a flume, one end of which was placed in an outlet of the Kaaikahi kalo patches, which serve as reservoirs for the spring water which boils up in them. The other end of the flume extends over and across the natural water-course to dry or kula land on the opposite bank of the water-course from the Kaaikahi springs. Some of the water, therefore, which formerly ran from the springs into the natural water-course to supply kalo land below was led across this water-course, and was used to irrigate kula land, which it is not pretended is entitled to water. It is claimed by defendant, and it is not denied, that defendant has other kalo land below equally entitled with the plaintiff to water from the Kaaikahi springs, and it is contended that it was some share of this water right that defendant had run over on to the kula land in the flume.

It was not shown, however, that the defendant had entirely discontinued the use of water on any definite portion of his kalo

land below which was entitled to water, and had substituted his kula land on the opposite bank as the recipient of this water.

Without deciding the question whether a water right by prescription to be used upon certain land could be diverted to and used upon another piece of land, we are of opinion that to do this, as defendant has done, is a manifest injury to the plaintiff.

The evidence shows that in order to assure a flow of water in the flume the spring patches had to be dammed up in order that they might serve as reservoirs. Now, during the time that the outlets of these patches were stopped, the surplus water from the springs could not flow down into the natural water-course and on down to the lower lands. It is clear to us from a personal view of the *locus in quo* that the water would not flow in any volume into the flume unless the spring patches were dammed up. And even if the defendant took water in the flume to the kula land only during the hours that he was entitled to water for his lower lands, it is not clear that it would not be an injury to those whose time for the use of water followed his—for the disuse of the lower auwais during his hours would tend to make them dry and absorb more water when it was again turned into them. The defendant, as the owner of the Kaaikahi spring patches, is entitled to the water originating in them sufficient for their needs, but the right to the surplus water has been acquired by the lower land owners and cannot be diverted by means of this flume without injury to them. We therefore affirm the judgment of the Commissioner ordering the removal of the flume.

It was shown before the Commissioner that the defendant was accustomed to dam the water up in his kalo patches until it had accumulated to a considerable height. He would then let it flow off in an increased volume to the lands in which he was interested, which were entitled to water. During the time the patches were thus filling, the parties whose time for irrigation this was would be deprived of water. These reservoir patches then becoming emptied, the parties next entitled to water in order of time would get no flow of water until it had accumulated sufficiently to run again through the outlets. The Commissioner, in his judgment,

has provided against a repetition of this manifest injustice by placing stones in the beds of various outlets of the reservoir patches, above which the water cannot rise. Counsel for defendant admits that his client's act in thus closing up the reservoir patches is wrong, and he does not question the decision of the Commissioner in ordering that this practice shall cease. We therefore affirm this part of the judgment also.

Costs to be paid by defendant.

*J. A. Magoon,* (*F. M. Hatch* with him) for plaintiff.

*W. R. Castle,* for defendant.

